555

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

Name _____Victor Arthur Roldán_____

Prisoner Number __H05477_____

Institutional Address __Salinas Valley State Prison P.O Box 1050, Soledad,

California 93960-1050_____

====================================================================

**E-filing**    UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Victor Arthur Roldán                          )
_____       )   **CV  09    2898**
(Enter the full name of plaintiff in this action.)  )   Case No. _____
            vs. **Correctional Officers:**      )   (To be provided by the clerk of court)
J.Rodriguez;J.Mora;R.Watters;J.Ruelas.Sgt.Atchley;  )
Lt.J.Celaya;Cpt.G.Ponder;Warden Evans;and R.N P.  )   **COMPLAINT UNDER THE**
Gross.                                        )   CIVIL RIGHTS ACT,
     (First and middle names not         )   )     42 U.S.C §§ 1983
     available to Plaintiff)                   )
_____       )   **JURY TRAIL DEMANDED**
                                              )
_____       )
(Enter the full name of the defendant(s) in this action))
_____       )

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies

[**Note:** You must exhaust your administrative remedies before your claim can go

forward. The court will dismiss any unexhausted claims.]

A.    Place of present confinement _____Salinas Valley State Prison_____

B.    Is there a grievance procedure in this institution?

          YES (X)      NO (  )

C.    Did you present the facts in your complaint for review through the grievance

      procedure?

          YES( X)      NO (  )

D.    If your answer is YES, list the appeal number and the date and result of the

COMPLAINT                          - 1 -

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal  1st Level Inmate Appeal CDO602 Submitted:6/5/07

2nd Level Appeal submitted 9/17/07

Final level (Director's Level of review) Submitted

10/15/07

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES (X)     NO ( )

F.   If you did not present your claim for review through the grievance procedure, explain why.          N/A

II.   Parties

A.   Write your name and your present address. Do the same for additional plaintiffs, if any. Victor A. Roldán  Salinas Valley State Prison P.O Box 1050,Soledad, California.93960-1050

B.   Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                              - 2 -

2006 Supp. App. 15 A p. 20

place of employment.   Corrections Officers J.Rodriguez, J.Mora,R.Watters,and J.Ruelas work at Salinas Valley State Prison. Corrections Sergeant Atchley, Corrections Lieutenant J.Celaya,Captain G.Ponder and Warden Evans Work at salinas Valley State Prison. Registered Nurse P.Gross works at Salinas Valley State Prison.

each and every defendant mentioned herein is sued in their individual and official capacities.

III.

Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

I

On March 19th 2007 I was selectively targeted on the basis of my(Petitioner's) race and to where I was born and or committed to the Department of Corrections from.

This targeting led to and supported the harassment and physical assault which came in the way of excessive force and willful brutality.

Corrections Officers J.Rodriguez and J.Mora used the color of Authority to harm Petitioner with excessive amount of force which was sadistically applied in way of approximately four to six cannisters of MK-9 gas/spray.

There was no evidence or accusation by said Corrections officers to indicate there was any danger to Petitioner his assigned cell partner nor that of state Property.

Petitioner was never afforded a fair chance to follow Officers' commands, as documents that these same officers submitted will testify, they each Yelled out commands that canceled out or contridicted that of the other yelling officer. Whereas One commanded for petitioner to lay proned out,on the ground,another commanded that petitioner come to the cell door,to be cuffed up,and yet another commanded that Petitioner sit at the back desk,and all the while Officers J.Mora And J.Rodriguez were already utilizing their weapons in applying gas in excess,and still Officers commanded petitioner to his knees.

These officers came running upon Petitioner's cell as he had just finished using the toilet and as they arrived to the door because the toilet was still in the act of flushing they decided to use their weapons as a punitive measure in case Petitioner actually did flush something.

See Page 3B for continuation of Claim.

IV.    Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

COMPLAINT                                  - 3A

Page 3B Statement/Complaint Continued:

The action of force was used not to stop the toilet from flushing, nor to subdue the Petitioner or assigned Cell Partner but to maliciously assault and punish.

Petitioner contends that this method of assault is a well documented pattern of behavior from these officers and their supervisors, and in their repeated actions it shows Deliberate and willful action in their actions taken.

Petitioner also contends that these same officers then Maliciously falsified disciplinary reports and brought charges against their targets to justify their action.

II

Corrections officers J.Ruelas,R Watters and Corrections Sergeant Atchley were participants in this invidious targeting and Assault. They observed and condoned the excessive force and brutal action in their active participation and in their failure to stop it, correct it or in SGT. Achtley's case properly supervise it.

These individuals aided the assaulting officers in falsifying documents to collaborate the false charges placed on their target (Petitioner and his assigned Cell partner) These above named Officers and Sergeant violated their color of authority by this abuse and attempt to cover up the battery with false reports.

III

Lt. Celaya ordered Specific and Invidious targeting of Petitioner, and he failed to order his officers to follow The Department of Corrections' Guidelines in the use of force, as the above described force was not the "DI MINIMUS" in standard or application. The actions were brutal and his direct knowledge that his teams of officers were committing the same action again and again without guideline, regulation of oversight.

There are no cameras to record the actions of Officers and or Inmates and thus gives Officers ample oportunity to do as they believe is right or fit to circumstance, judgement or spur of the moment emotionally charged reactions.

IV

Captain Ponder and Warden Evans, as head of Salinas valley State prison failed to supervise and or curtail this and like actions, allowing them to go on unchecked for more than two years with over (approximately) one hundred of these types of attacks occurred.

They not only did nothing to correct or curtail these extreme and violent actions but they condoned them by both allowing them to go on and in ordering them.

The above named individuals ,Captain Ponder and Warden Evans created the atmosphere where such invidious targeting could go for so long unchecked and because of their deliberate indiffernece Petitioner was directly effected by the above described brutality.

V

Corrections Officers R.Watters, J.Ruelas, Lt.Celaya and Sgt Atchley along with Registered nurse P.Gross went on to deny Petitioner any form of

Continued on Page 3C

Page 3C-Statement/claim Continued:

Decontamination as they were supposed to do and as they falsified claims to have done so,as they claimed in reports to have given Petitioner copious amounts of air.The only air given was to escort inmate /petitioner from gassed cell to Holding cage. They there denied petitioner air in locking him into a room for several hours and did not give uncontaminated clothing until hours later
Petitioner was denied water or Medical aid in the use of his Asthma inhaler,as R.N P.Gross stated that A inhaler was not needed if the Inmate/Petitioner could actually verbalize his need for it and callously made jokes of ruined shoes rather than treat for medical need,and well documented condition(Asthma).

Petitioner was left in deliberate mental anguish and physical pain as officers and nurse did nothing to show the limited amount of concern nor was there any visible method to document and care for a person in this condidtion.
The denial of decontamination,fresh and ungassed underwear/clothes,and denial of Asthma treatment for a breathing restricting agent being used against the Petitioner shows the callous regard to which he was held and in which his assault did not end with the brutal application of these excessive amounts of Gas-MK-( Spray.

-See attached Exibit A Pages
1 through 17

WHEREFORE, THE PLAINTIFF REQUESTS THAT THE COURT GRANT THE FOLLOWING RELIEF:

(1) That Salinas Valley State Prison be made to vacate the disciplinary charges that they filed against Petitioner, and to have said charges removed from his Central File.

(2) That Award for compensatory damages be made for the actions that were taken against petitioner, by each of the named Officers and Personnel/Supervisors. Make said award the amount of $250,000 for the physical and emotional pain to which Petitioner was made to endure and live with. Make the Award both Jointly and severally.

(3) Award An additional $250,000 award for Punitive damages, jointly and severally.
(4) Grant such other relief as the court may feel the plaintiff is entitled.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **20th** day of **June** , 20 **09**

X _____
(Plaintiff's signature)

COMPLAINT                    - 4 -

## Verification

I am the plaintiff in this Matter. I make this Verification, Stating that I have read the Complaint, and declare that the Contents mentioned there in are true, to the best of my Knowledge.

I declare under penalty of perjury that the foregoing is true and Correct.
Executed this 20th day of June, 2009; at Calipatria California.

Respectfully Submitted:

_Victor A. Roldan_

Victor Arthur Roldán
Plaintiff In proper

- 5 -

# EXHIBIT COVER PAGE $\boxed{A}$

EXHIBIT

Description of this Exhibit: +RELEVANT PAGES IN REGARD TO THE
EXHAUSTING OF ADMINISTRATIVE REMEDIES ,AND EVIDENCE OF ABUSE,AS DOCUMENTED
BY INVOLVED OFFICERS.

Number of pages to this Exhibit: __15__ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☒ United States District Court **Northern district of California**
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

roved for
with
cial
ncii forms

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

RECEIVED JUN 1 1 2007

Location: Institution/Parole Region _____ Log No.
1. _____
2. _____

Category (7)

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

*Cell Search @ no behavior*

| NAME Roldán  Victor | NUMBER Ho5477 | ASSIGNMENT 3/w porter | UNIT/ROOM NUMBER c-3-104 |
|---|---|---|---|

A. Describe Problem: on 3/19/07 My person and cell was unfairly targeted for a "Cell-search". my grievance in this matter stems from (1) the reason(s) for which myself and cell partner George Flores #H62771 were targeted. fax (2) the tactics which were used to conduct said search.

According to officer's reports, and CDC 115 this was a Random search. to look for weapons, and or gang material. However these same reports state that this was a specified cell search, ordered by Lt. J.Celaya. He gave specific orders to Sgt. Atchley, to search Cell-104. These reports also state that this was due to on going violence between White and Soutern Hispanic-inmates, A violence which has been not only, non existent but contrary to current program. My own continual ability to program in Salinas Valley State Prison with any and all races, ethnic groups, creeds and colors has been evident in my discipline

If you need more space, attach one additional sheet.                    (Continued)

B. Action Requested: (1) for all such tactics to be immediately suspended, and a thorough investigation into their use be made, and corrected. (2) All statements, 115, and supplemental reports be reviewed and corrected to reflect the truth, and *xxxxi* removed from C-file. (3) Proper guidelines for the use of force and its direct supervision be put into place, as S.V.S.P's standard, thus remove the ongoing, unchecked-and brutal use. (4) Staff be better trained to act within specified amount of force, and not permitted to rely on shit-decision choices. *split -*

Inmate/Parolee Signature: _____    Date Submitted: June 5^h 07

C. INFORMAL LEVEL (Date Received: _____ )    RECEIVED JUN 21 2007    RECEIVED JUN 27 2007

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

RECEIVED OCT 22 2007 CALIFORNIA BRANCH APPEALS

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

"EXHIBIT "EXHIBIT A PG#I"



First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 7-13-07    Due Date: 8-9-07

Interviewed by: Sgt. E Jones

Staff Signature: _____    Title: CR+(A)    Date Completed: 8/9/07

Division Head Approved: _____
Signature: _____    Title: _____    Date Returned to Inmate: RET'D SEP 1 0 2007

<div style="margin-left:left">REC'D SEP 18 2007</div>

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.    I am dissatisfied with the response (of 8/9/07) , to my 602; because although it is "MARKED", to indicate its being "Partially granted", there is no indication as to what part was granted. The action(s) I requested were not addressed, and therefore, I seek the review from the next level.    Thankyou.

Signature: _____    Date Submitted: 9/17/07

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 9-19-07    Due Date: 10-17-07

☒ See Attached Letter

Signature: _____    Date Completed: 10-2-07

Warden/Superintendent Signature: _____    Date Returned to Inmate: 10-11-07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.    Although Second Level response informs me that I have no right to be informed as to what action has been taken with involved staff, the three Actions I have requested do not fall into that category, and they were not addressed. I therefore am dissatisfied with this Response, and seek review at the Director's Level, for disiplnary action was taken against me and Inmate Flores(#H62771), and wish for a correction in the removal of CDC 115 from C-File, and or made to reflect the findings of my allegations.

Signature: _____    Date Submitted: 10/15/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☒ See Attached Letter
Date: JAN 1 4 2008

CDC 602 (12/87)

"EXHIBIT A PG# 2"

record ,since arrival 7/21/01, will show,and the fact that I am  continually chosen by same
Lieutenant/Sgt. for incremental release,as one of very first inmates;because of this demonstrated
ability to positively program.

I believe that the truth of the matter is that myself and Inmate Flores #H62771 were solely
targeted due to the fact that we have arbitrarily been classified as "Southern Hispanic" inmates,
for no other reason aside from the fact that we were committed to C.D.C from Los Angeles
County and the color of our skin.

This,I believe, is a violation of the Eight amendment's equal protection clause.

I also believe that An investigation into these facts ,and this case of Abuse will show that
I was denied protection under this clauseś gaurantee;denied by the deliberate and Invidious
targeting,by Correctional staff involved,and both their direct and in-direct supervisors,whom
participated in this discrimination and willful targeting,as well as for ordering its brutality
on me and for equally condoning it.

Correctional Officers involved:J Rodriguez,J.Mora,R.Watters,and J. Ruelas.Supervisors: Fac.C
Sergeant M. Atchley,Facil c Program Lieutenant J. Celaya,Captain G. Ponder and S.VS.P Warden
Mr.Evans.Medical personnel:R.N P Gross.

An investigation will show that the method of arbitrary-labeling me,and then abusing my person
for this label is deliberate and willful,and it is contrary to my Constitutional rights.
The tactics of force which were then used against my cell,person and assigned
Cellpartner were excessive in amount and brutal in application,and the in-
different treatment during and after by corrections staff and Medical per-
sonnel  is a clear violation and lack basic elements of Human decency.

<div align="center">Facts</div>

Officers ran upon my cell,just as I finished using toilet,shouting contridic-
tory commands,Lay down,get on your knees,back up,etc,all of this in concert
to a burst of Pepper spray,and Mk-9 Gas,which confused and incapacitaed me
of any expectation other than to lay on the floor to protect myself from
the brutal onslought.

I never refused a direct order because I was not given one,nor the opportunity
to comply or refuse,before being drenched in gas and spray.As I laid against
the floor I/M George Flores was ordered to stand up,to sit down at desk,to
get on his knees and to back up to door,each an individual command given
by differnt officers,he was not given opportunity to comply and was directly
sprayed and gassed  in face and torso,even though he was already in a cloud
of Gas which had been delivered into cell.Upon being directly    sprayed
he dropped his cup onto floor,from which he was drinking upon being attacked.
And he then laid beside me on floor.We were both motionless and subdued by
gas and spray, yet staff involved continued to spray. And,this brought on yet
more spray/gas,far beyond the amount needed to subdue a person. Officers
finally   allowed us to cuff-up and exit gassed cell,and we were taken to
program area cages.There I was placed into a small cage,that is partially
sealed in by plexy-glass,I was denied Medical attention for my asthma,denied
the use of my inhaler,and not given any form of decontamination.Medical R.N
P.Gross laughed at my pleas for said attention,and callously stated "I should
worry about having ruined my tennis shoes.Which were now orange in color,be-
cause of gas.She also stated that I was not in need of a inhaler if I could
physically articulate the desire for it.

I asked Her,Correctional staff,Sgt.,and Lt. for fresh boxers,since my own
were completely drenched in gas/spray and my genitalia was exposed and burning
I only received these boxers approximately an hour after my arrival to program
area cages.A review of photgraphs taken by correctional officers for evidence,
will undoubtedly show my condition,of visible anguish and exposure to chem-
icals,without benefit of decontamination,even that half hour to one hour  later.
These  pictures/evidence and a review of documents,statements,will show that I was in fact invid-
iously targeted,brutally assulted and treated with deliberate indifference by Corrections and
Medical Personnel.Documentsand said statements submitted,were falsified to justify the brutality
both I and Flores#H62771 was subjected to.I was charged with CDC 115 for willful Obstruction

of an officer,and Flores with a much more severe charge of Battery on officer,See evidence,Photo-
graphic documentation will not square with truth and allegations ,see splash,and allegation.
I believe,and evidence will show that we we charged in the same vindictive spirit to which we
were targeted and attacked.                        WERE                              see otherside

<div align="center">"EXHIBIT A PG#3"</div>

I allege this because it is a pattern of abuse Officers and their direct supervisors have used here at SVSP during past two years;Because my toilet was flushing as they ran upon cell door, We were gassed/sprayed ,since I was believed by Sgt. Atchley to have possibly flushed something down toilet.

There was no evidence to support my being targeted other than color of my skin,and no resistence other than my inability to make the already flushing toilet stop upon their arrival.

I was not a danger to staff,my cell partner or anyone else,nor to state property,and the amount of gas(up to 5 Cans) is both excessive and brutal.

" EXHIBIT A PG#4"

Attachment E    2/21/06

``State of California

# Memorandum

Date  :   August 9, 2007

To    :   Roldan, # H05477
          C3-104, SVSP

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-C-07-03052**

**APPEAL ISSUE:**  The appellant alleges that on March 19, 2007, that correctional staff conducted an illegal cell search and was the victim of a misuse of force.

**DETERMINATION OF ISSUE:**  A review of the allegations of staff misconduct presented in the written complaint has been completed.  Based upon this review your appeal has been handled as follows:

☒   PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐   REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on August 7, 2007 by Correctional Lieutenant (A) E. Jones and stated that he had no further information or evidence to present to support his allegations. The following witness(es) was/were questioned: Correctional Lieutenant J. Celaya, Correctional Sergeant M. Atchley, Correctional Officer J. Ruelas, Correctional Officer R. Watters, Correctional Officer J. Rodriguez, Correctional Officer J. Mora, Registered Nurse P. Gross. The following information was reviewed as a result of your allegations of staff misconduct: SVSP Incident Package SVP-FC3-07-03-0182 and Photos of SVP-FC3-07-03-0182.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

REC'D SEP 18 2007

8/16/07

Warden/CDW/HCM (Second Level) AW/Med. Mgr. (First Level)          Date

**"EXHIBIT A PG#5"**

State of California

# Memorandum

Date : October 2, 2007

To : Inmate ROLDAN, CDCR # H05477
Facility-C C3-104
Salinas Valley State Prison

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-03052**

**APPEAL ISSUE:**

Appellant claims he was unfairly targeted for a cell search on 03/19/07 because he is classified as a member of the Southern Hispanic disruptive group; because he was committed to CDCR from Los Angeles County; and because of the color of his skin. Appellant states he was subjected to inappropriate force when staff used OC Pepper Spray. Appellant stated staff made contradictory commands to stand, sit, get on your knees, etc. Appellant states he was not given the opportunity to comply or refuse the direct orders because each officer provided a different order and when he tried to comply he was drenched with OC Pepper Spray. Appellant believes he was targeted, brutally assaulted by staff and treated with deliberate indifference by custody and medical staff.

**DETERMINATION OF ISSUE:**

A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**

You were interviewed on 08/07/07 by Correctional Lieutenant (A) E. Jones and stated, "There was no further information or evidence." The following witness(es) was/were questioned: Correctional Lieutenant J. Celaya, Sergeant Atchley, Officer Ruelas, Officer Watters, Officer Rodriguez, Officer Mora, RN P. Gross. The following information was reviewed as a result of your allegations of staff misconduct: IR SVP-FC3-07-03-0182, photos in SVP-FC3-07-03-0182.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.
                                    **"EXHIBIT A PG#6"**

Inmate RCLDAN, H05477
Case No. SVSP-D-07-03052
Page 2

If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

"EXHIBIT A PG#7"

STATE OF CALIFORNIA                           DEPARTMENT OF CORRECTIONS AND REHABILITATION
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858 ( Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

***Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:***

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME<br>Victor A. Roldán | COMPLAINANT'S SIGNATURE | DATE SIGNED<br>10/15/07 |
|---|---|---|
| INMATE/PAROLEE PRINTED NAME<br>Victor A. Roldon | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER / DATE SIGNED<br>H05477   10/15/07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |

DISTRIBUTION.
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

**"EXHIBIT A PG#8"**

State of California

Department of Corrections

# ALLEGATION OF MISCONDUCT BY PEACE OFFICER

## NOTICE OF RIGHTS AND RESPONSIBILITIES

> Pursuant with Penal Code Section 148.6, anyone wishing to file an allegation of misconduct by a Departmental Peace Officer must read, sign, and submit the following statement with the CDC 602 form, to the Appeals Coordinator.

Please read and sign acknowledging the following and return to appropriate Department staff as indicated above:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A DEPARTMENTAL PEACE OFFICER FOR ANY IMPROPER PEACE OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. COMPLAINTS AND ANY REPORTS OF FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING THAT IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE IN A CRIMINAL COURT.

Complainant's Signature

Date Signed     4/3/07

"EXHIBIT A PG# 9"

Receiving Appeals Staff's Signature

Date Signed

FINAL COPY

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

MERD

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-05477 | ROLDAN | | 1-19-07 | S.V.S.P. | C3-104 | C07-03-002 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS | Willfully Obstructing a | LOCATION Fac "C" | | DATE | TIME |
| C.C.R. §3005(b) | | Peace Officer | Build. 3 #104 | | 03/19/07 | 0928 Hrs. |

CIRCUMSTANCES

On 03/19/07, at approximately 0928 hours, I was performing my duties as Facility "C" Housing Sergeant, I went to building C3 to conduct a specific search of cell C3-104, which is assigned to and occupied by Inmates FLORES, (H-62771, C3-104) and ROLDAN, (H-05477, C3-104)./ During the search, staff would be looking for weapons, indicia, or any signs of gang activity/ I summoned Officer J. Rodriguez, Officer R. Watters and Officer J. Mora, to assist in the cell search. As Officers Rodriguez, Watters, Mora and I approached cell C3-104, I observed ROLDAN standing over the toilet of the cell. ROLDAN was looking directly at us. He appeared to be throwing unknown objects into the toilet. Once at the cell front, Officer Watters unlocked the food port as Officer Rodriguez ordered FLORES and ROLDAN to prone out in their cell, with negative results. (Con't See CDC-115-C)

Inmate ROLDAN [is not] a participant in the Mental Health Services Delivery System and is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | | ASSIGNMENT | RDO'S |
|---|---|---|---|---|---|
| ▶ M. Atchley, Correctional Sergeant | | 03/23/07 | | "C" Housing Sergeant | W/Thur |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|---|
| ▶ | Aur | 3-21-07 | DATE _____ | LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | D | 3/21/07 | ▶ | | ☐ HO | ☒ SHO | ☐ SC. | ☐ FC |
| ☒ SERIOUS | | | | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ | 3-26-07 | 1200 | | | |
| ☒ INCIDENT REPORT LOG NUMBER: SVP- FC3-07-0182 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ | 3-26-07 | 1200 | ▶ | | |

HEARING SVP-FC3-07-03-0182

**Plea:** The charges were read aloud as written to Inmate Roldan, who acknowledged understanding the charges and who entered a plea of Not Guilty.

**Findings:** Inmate Roldan was found Guilty of violating CCR§ 3005(b); specifically, "Willfully Obstructing a Peace Officer," a Division "D" offense (CCR§ 3323(f)(5)).

**Disposition:** Assessed 90 days forfeiture of behavioral credits, consistent with a Division "D" offense (CCR§ 3323(f)(6)); Assessed 30 days loss of the following privileges: no telephone use, no quarterly packages, no special purchases and ¼ canteen draw (to begin 04-04-07 and end 05-04-07); Inmate was counseled, warned and reprimanded.

**Additional Disposition:** None.

**Classification Referral:** Referred to UCC for program review.

Disposition continued on CDC 115C

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | | | |
|---|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | SIGNATURE | | DATE | TIME |
| E. Moore, Lieutenant | | | ▶ | | 5/15/07 | 1515 |
| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ G. Ponder, Captain | | 5/16/07 | ▶ M. Moore | | 5-21-07 | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME 1800 |

CDC 115 (7/88)                    "EXHIBIT A PG#10"

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-05477 | ROLDAN | C07-03-0020 | S.V.S.P. | 03/19/07 |

☐ SUPPLEMENTAL    ☐ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☐ HEARING    ☐ IE REPORT    ☐ OTHER_____

As ROLDAN continued to flush what appeared to be small pieces of rolled, white paper, consistent with gang indicia, FLORES, who was sitting on the lower bunk, stood up next to the cell desk area. Officer Rodriguez, while giving continuous commands to stop and prone out, sprayed ROLDAN with his MK-9, in the upper body and facial area, with negative results. Officer Rodriguez again ordered ROLDAN to stop and prone out, with negative results. ROLDAN then ran back to the lower shelf and retrieved more suspected indicia and ran back to the toilet. Officer Rodriguez then sprayed ROLDAN with O.C. Pepper spray, using a 2nd MK-9, in the upper body and facial area, with negative results. At that time, FLORES grabbed a state cup off the lower book shelf and threw its contents through the open food port. The unknown brown, liquid substance, splashed through the food port and struck me on the jumpsuit, below my waist and on my chest area. As Officer Rodriguez stepped back from the food port, and Officer J. Mora utilized his MK-9 and sprayed FLORES, in the upper body and facial area, with O.C. Pepper spray. At that time both inmates assumed the prone position on the cell floor. As I began to order FLORES to slowly back to the food port and submit to restraints, he jumped to his feet and placed his back to the food port. ROLDAN then used this opportunity to jump to his feet and ran to the back of the cell. I gave several orders for both inmates to stop their actions and prone out, with negative results. ROLDAN then grabbed an object, which was concealed from my view. Using his MK-9, Officer Rodriguez then sprayed ROLDAN in the facial area, with O.C. pepper spray, with negative result. At that time FLORES began to use his body in an attempt to block the spray of O.C. from entering the cell. Officer Rodriguez ordered him to stop and prone out, with negative result. Using his MK-9, Officer Rodriguez then sprayed FLORES and ROLDAN again the facial area, with O.C. Pepper spray, with positive results. Both inmates assumed a prone position on the cell floor. I ordered FLORES to back up to the food port and submit to restraints, with positive results. I then ordered ROLDAN to back up to the food port and submit to restraints, with positive results. At that time, I ordered the cell door open and both inmates were removed. I then instructed Officer Watters and G. Rules to escort both inmates to the Facility "C Patio area for decontamination and medical evaluation.

"EXHIBIT A PG#11"

M. Atchley, Correctional Sergeant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 03/23/07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| COPY OF CDC 115-C GIVEN TO INMATE | 3-26-07 | 1200 |

CDC 115-C (5/95)

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-05427 | ROLDAN | C.C.R. $3005(b) | 03/19/07 | S.V.S.P. | 07-03-0020 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF | |
|---|---|---|---|

☒ NOT ASSIGNED | REASON *DNMC per title 15 CCR 3315*

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF | |
|---|---|---|---|

☒ NOT ASSIGNED | REASON *DNMC per title 15 CCR 3315*

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

**"EXHIBIT A PG#12"**

| | INVESTIGATOR'S SIGNATURE | | DATE |
|---|---|---|---|
| | ▶ | | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | | TIME 1200 | DATE 3/26/07 |
|---|---|---|---|---|

CDC 115-A (7/88)          *— If additional space is required use supplemental pages —*          OSP 03 74845

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C

PAGE __1__ OF __2__

| CDC NUMBER H-05477 | INMATE'S NAME Roldan | LOG NUMBER C07-03-0020 | INSTITUTION SVSP | TODAY'S DATE 04-05-07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☐CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing:** The hearing convened on 04-04-07, at approximately 1830 hours when I introduced myself to Roldan as the Senior Hearing Officer for this disciplinary. Roldan stated he was in good health with normal hearing and vision. Roldan acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and Incident Report #SVP-FC3-07-03-0182. These reports as well as the disciplinary charge of "Willfully Obstructing a Peace Officer" were reviewed with Roldan in the hearing. Roldan stated that he understood both and that he was prepared to begin the hearing.

**MHSDS:** Roldan is not a participant in the Mental Health Services Delivery System.

**Date of discovery:** 03-19-07
**Hearing completed on:** 04-04-07
**D.A. Postponed date:** N/A

**Initial RVR copy issued on:** 03-26-07
**Last document issued to inmate on:** 03-26-07
**Date D.A. results issued:** N/A

**Due Process:** The disciplinary was served on Roldan within 15 days of discovery and the hearing has been held within 30 days of service. Roldan received his copies of all documents more than 24 hours in advance of the hearing. Time constraints have been met. There are no due process issues.

**Staff Assistant (SA):** Roldan (GPL 12.9) does not meet the criteria for the assignment of a staff assistant per CCR§ 3315. Per the CDC 115-A, Garcia has not requested SA assignment.

**Investigative Employee (IE):** An IE was not assigned as the issues are not complex and the available information is sufficient. Per the CDC 115-A, Roldan has not requested IE assignment.

**D.A. Referral:** This matter was not referred to the Monterey County District Attorney's Office.

**Evidence Requested or Used:** Roldan did not request that evidence be produced for this hearing at the time he was issued a copy of the CDC-115A. Roldan did not request evidence be produced at the hearing.

**Video and Photo Evidence:** No videotape or photo evidence was utilized in the adjudication or fact finding process of this CDC-115 Rules Violation Report.

**Inmate Plea and Statement:** Roldan entered a plea of "Not Guilty," stating, "No comment."

**Request for Witnesses:** Roldan did not request witnesses for this hearing at the time he was issued a copy of the CDC-115A. Roldan did not request witnesses at the hearing. No witnesses were requested by the SHO.

**Witness Testimony at Hearing:** No witness testimony was provided at the hearing.

**Confidential Information:** Confidential information was not used in the adjudication of this 115.

**Findings:** Roldan is found **guilty** of the charged offense of violating CCR§ 3005(b); for the specific act of, "Willfully Obstructing a Peace Officer," a Division 'D' offense (CCR§ 3323(f)(6)). This offense requires evidence that the inmate took a deliberate action that qualifies as resisting, delaying or obstructing a staff member, this action affected the ability of the staff member to perform his or her assigned duties and this staff member was a peace officer. The evidence used to render this finding included:

"EXHIBIT A PG#13"

| SIGNATURE OF WRITER E. Moore | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 5/15/07 |
|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 5-25-07 | TIME SIGNED: |

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __2__

| CDC NUMBER H-05477 | INMATE'S NAME Roldan | LOG NUMBER C07-03-0020 | INSTITUTION SVSP | TODAY'S DATE 04-05-07 |
|---|---|---|---|---|

| ☐SUPPLEMENTAL | ☐CONTINUATION OF: | ☐CDC 115 CIRCUMSTANCES | ☑HEARING | ☐I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

1.) The testimony of Correctional Sergeant M. Atchley in the disciplinary report of 03-19-07 wherein Atchley testifies that Atchley initiated a search of Facility C, Housing Unit #3, Cell C3-104, jointly occupied by Roldan (H-05477) and Flores (H-62771), with the assistance of Correctional Officer J. Rodriguez, Correctional Officer R. Watters and Correctional Officer J. Mora. Sergeant Atchley indicates that staff would be searching for weapons, indicia and evidence of gang activity. Sergeant Atchley further testifies that he observed Roldan ignore Officer Rodriguez's orders to prone out on the cell floor. Roldan proceeded to successfully dispose of several unidentified objects, suspected to be gang indicia and/or evidence of criminal activity, utilizing the cell toilet. Roldan continued to ignore staff orders, even after being exposed to O.C. Pepper Spray, and successfully disposed of several more unidentified items which potentially held evidentiary value. Only after being exposed to a large amount of O.C. Pepper Spray did Roldan comply with staff orders. Roldan's actions during this incident seriously affected Sergeant Atchley and the officer's ability to conduct a safe and effective search of Cell C3-104.

2.) The testimonies of Correctional Officer J. Rodriguez and Correctional Officer J. Mora in Incident Report #SVP-FC3-07-03-0182 dated 03-19-07 wherein they each individually testify that they observed Roldan ignore Officer Rodriguez's orders to prone out after they had initiated a cell search and proceed to use the cell toilet to dispose of several items which potentially held evidentiary value.

3.) Roldan declined to present any evidence or testimony during the hearing that would support Roldan's plea of "Not Guilty."

Base on the aforementioned facts, this SHO finds the preponderance of the evidence **has** been met to render and sustain a finding of guilt on the charged offense of violating CCR§ 3005(b); specifically, "Willfully Obstructing a Peace Officer," a Division 'D' offense (CCR§3323 (f)(6)).

**Additional Disposition:** None.

**Enemy Concerns:** There are no enemy concerns related to this disciplinary hearing.

**Appeal Rights:** Roldan was advised that the disposition of this Rules Violation Report would not become final until approved by the Chief Disciplinary Officer at which time he will receive a final copy of the completed CDC-115. Roldan was also advised of his right to appeal the findings of this hearing, the methods of appealing, and credit restoration rights pursuant to CCR§ 3327 & 3328, governing the restoration of forfeited credits.

"EXHIBIT A PG# 14"

| SIGNATURE OF WRITER E. Moore | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 5/15/07 |
|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 5-25-07 | TIME SIGNED: 1000 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# NOTICE OF CLASSIFICATION HEARING

CDC 128 - B1 (Rev 2/95)

| INMATE NAME | CDC NUMBER | TODAY'S DATE |
|---|---|---|
| Roldan | H-05477 | 04-04-07 |

YOU WILL APPEAR BEFORE A CLASSIFICATION COMMITTEE ON_____FOR CONSIDERATION OF A
MAJOR PROGRAM CHANGE AS FOLLOWS:

☐ TRANSFER     ☐ INCREASE IN CUSTODY     ☐ ASSIGNMENT TO SECURITY HOUSING

☐ REMOVAL FROM PROGRAM     ☒ OTHER Program Review

REASON:

On 04-04-07 you were found guilty of Rules Violation Report Log # C07-03-0020
for the specific act of "Willfully Obstructing a Peace Officer."

| STAFF: NAME | | |
|---|---|---|
| E. Moore | | Lieutenant |

ROUTING INSTRUCTIONS: ORIGINAL - CLASSIFICATION COMMITTEE     COPY - INMATE

"EXHIBIT A PG#15"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **JAN 1 4 2008**

In re: Victor Roldan, H05477
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0711823          Local Log No.: SVSP-07-03052

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that on March 19, 2007, the appellant and his cell was unfairly targeted for a cell search and that his grievance stems from the appellant and his cellmate, inmate Flores, H-62771, being targeted, as well as the tactics used to conduct this search. It is contended from the officer's reports and the CDC Form 115, Rules Violation Report (RVR) that the search was random in order to look for weapons and/or gang material. The appellant states that the same reports indicate that the search was specific and ordered by Salinas Valley State Prison (SVSP) Correctional Lieutenant (Lt.) J. Celaya, who gave specific orders to Correctional Sergeant M. Atchley to search Cell 104. These reports also state that this search was due to ongoing violence between white and Southern Hispanic inmates. The appellant contends that his continual ability to program is evident in his disciplinary record since the appellant's arrival on July 21, 2001. The appellant believes that the truth is that he and inmate Flores were targeted due to the fact that they have been classified as Southern Hispanic inmate for no other reason than the fact that they were committed to the CDCR from Los Angeles County and the color of their skin. The tactics of the force that was used against the appellant, his cell and cellmate were excessive in amount and brutal in application, as well as the indifferent treatment during and after by corrections and medical staff is a clear violation and lacked the basic elements of human decency. The appellant requests that all such tactics be immediately suspended and a thorough investigation conducted into its use, as well as all statements, RVR and supplemental reports reviewed and corrected to reflect the truth and removed from the appellant's central file. It is also requested that proper guidelines for the use of force and its direct supervision be put into place, as SVSP's standard and that staff are better trained to act within the specific amount of force and not permitted to rely on split decision choices.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned SVSP staff. The Second Level of Review (SLR) states that the appellant was interviewed on August 7, 2007, by Lt. E. Jones regarding the appellant's appeal issues. The reviewer states that the appellant's appeal was granted in part at the First Level of Review (FLR), in that a thorough confidential appeal inquiry into the appellant's allegations was conducted by administrative staff. The appellant was advised that the appeal inquiry was completed; however, the appellant was not advised of the specific finding, as all staff complaint findings are confidential and would not be released to the appellant. On September 17, 2007, the appellant requested a SLR and reiterated his position that he was not satisfied with the FLR response. The appellant did not provide any additional compelling information or facts to warrant modification of the FLR response. The appellant's appeal is granted in part at the SLR, as an inquiry into his allegations has been conducted. All staff personnel matters are confidential in nature and as such, results of any inquiry will not be shared with staff, members of the public or inmates. Although, the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Based upon the aforementioned information, the SLR granted in part the appeal.

**"EXHIBIT A Pg#16"**

VICTOR ROLDAN, H05477
CASE NO. 0711823
PAGE 2

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.  FINDINGS:** The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. The examiner reviewed California Code of Regulations, Title 15, Section (CCR) 3004, Rights and Respect of Others, CCR 3271, Responsibility of Employees, CCR 3287, Cell, Property and Body Inspections, and CCR 3391, Employee Conduct. Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR.    The examiner contacted Correctional Counselor II T. Variz, Appeals Coordinator, in the SVSP Appeals Office on December 10, 2007, to request and obtain a copy of the finalized inquiry report. On December 10, 2007, the examiner received a faxed copy of the inquiry report containing the institution's decision and/or action taken regarding the appellant's complaint. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. The appellant has not shown any documentation or other verified evidence that would lend credence to his appeal issues and requests. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of the appellant's complaint. The examiner finds that the appellant has failed to present any new documentation and/or evidence that would substantiate his claim; therefore, justification for intervention at the Director's Level of Review is not warranted.

    **B.  BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8, 5058
CCR: 3001, 3004, 3084.1, 3268, 3268.1, 3268.2, 3270, 3271, 3278, 3287, 3391
CDC Operations Manual Section: 13030.10, 31140.14
Administrative Bulletin (AB) 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT
AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

    **C.  ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

**"EXHIBIT A PG#17"**

*VERIFICATION*

.STATE OF CALIFORNIA
COUNTY OF IMPERIAL

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, Victor Arthur Roldan _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _Petitioner / Declarant_____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __20th____ DAY OF: __June_____ 20   AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

(SIGNATURE) _____Victor A. Rol_____
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Victor Arthur Roldan AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT·
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002,
CALIPATRIA, CALIFORNIA #92233-5002.

ON _June 20,____ 2009   I SERVED THE FOREGOING: _____
_____1983 COMPLAINT_____

*(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)*

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

United States District Court
Northern District of California
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, CA. 94102

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: __June 20th 2009_____   _____Victor A. Rol_____
(DECLARANT/PRISONER)

Calipatria State prison

P.O. BOX 5005

Calipatria, CA. 92233

CDC#  H05477

GENERATED FROM
CALIPATRIA STATE PRISON

UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004627869
$ 05.75⁰
JUN 23 2009
MAILED FROM ZIP CODE 92233

do com 6/20/08

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUN 2 5 2009

RECEIVED



U.S. District ct. Northern Dist. of CA

450 GOLDEN GATE AVENUE

P.O. BOX 36060

San Francisco, CA. 94102

LEGAL MAIL ONLY

LEGAL MAIL ON