1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*__E-FILED - 12/8/09__*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR ARTHUR ROLDAN, | ) | No. C 09-2898 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS TO |
| v. | ) | FILE DISPOSITIVE MOTION |
| | ) | OR NOTICE REGARDING |
| CORRECTIONAL OFFICER J. | ) | SUCH MOTION |
| RODRIGUEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of the Salinas Valley State Prison ("SVSP"), where plaintiff is housed.   Plaintiff is granted leave to proceed in forma pauperis in a separate order.  The court will order service of the complaint on defendants.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).

1  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901

2  F.2d 696, 699 (9th Cir. 1988).

3      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

4  elements:  (1) that a right secured by the Constitution or laws of the United States was violated,

5  and (2) that the alleged deprivation was committed by a person acting under the color of state

6  law.  West v. Atkins, 487 U.S. 42, 48 (1988).

7  B.    Plaintiff's Claim -- Eighth Amendment

8      Plaintiff alleges that on March 19, 2007, he was selectively targeted on the basis of race.

9  Defendants J. Rodriguez and J. Mora used excessive force by spraying him with gas and

10 utilizing weapons.  Defendants Ruelas, Watters and Atchley participated in this assault by

11 observing it but doing nothing to prevent it.  Defendant Celaya ordered this specific targeting

12 and knew about this behavior.  Defendants Ponder and Evans both condoned such action and did

13 nothing to prevent it.  Defendants Watters, Reulas, Celaya, Atchley, and Gross intentionally

14 denied plaintiff proper medical care, causing plaintiff to suffer pain.

15     Liberally construed, plaintiff has stated cognizable claims of excessive force and

16 deliberate indifference, in violation of his Eighth Amendment right to be free from cruel and

17 unusual punishment.

18 C.    Plaintiff's claim -- False charges

19     Plaintiff alleges that all defendants participated in creating false disciplinary reports and

20 bringing false charges against plaintiff for the purpose of covering up their actions.

21     A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly

22 accused of conduct that may lead to disciplinary sanctions.  See Sprouse v. Babcock, 870 F.2d

23 450, 452 (8th Cir. 1989).  As long as a prisoner is afforded procedural due process in the

24 disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under §

25 1983.  See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  The only exception is

26 when the fabrication of charges infringed the inmate's substantive constitutional rights, such as

27 when false charges are made in retaliation for an inmate's exercise of his right to access the

28

1    courts.  See Sprouse, 870 F.2d at 452 (holding that filing of false disciplinary charges in

2    retaliation for a grievance filed by inmate is actionable under § 1983).

3          Plaintiff alleges that he was falsely charged with "wilfully obstructing a peace officer."

4    However, this alleged conduct does not implicate one of plaintiff's constitutional rights and thus

5    is not cognizable under § 1983.  Therefore, the claim is dismissed with leave to amend.  Plaintiff

6    may reassert the false charge claim in an amended complaint only if he can in good faith allege

7    that the charges were retaliatory or otherwise implicated his constitutional rights.

8          The court will order service of the complaint based on the cognizable claims described

9    above.

10                                        **CONCLUSION**

11          1.     Plaintiff's false charges claim is DISMISSED with leave to amend.  Plaintiff's

12   remaining claims of Eighth Amendment violations, when liberally construed, are cognizable.

13          2.     The clerk of the court shall issue summons and the United States Marshal shall

14   serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy

15   of this order upon: **Warden Evans, Captain G. Ponder, Lieutenant J. Celaya, Sargeant**

16   **Atchley, Correctional Officer J. Rodriguez, Correctional Officer J. Mora, Correctional**

17   **Officer J. Ruelas, and R.N. P. Gross** at the **Salinas Valley State Prison** in **Soledad,**

18   **California.**  The clerk shall also mail a courtesy copy of this order and the complaint, with all

19   attachments thereto, to the **California Attorney General's Office**.

20          3.     No later than **ninety (90) days** from the date of this order, defendants shall file a

21   motion for summary judgment or other dispositive motion with respect to the claims in the

22   complaint as set forth above, or notify the court that they are of the opinion that this case cannot

23   be resolved by such a motion.

24                 a.     If defendant elects to file a motion to dismiss on the grounds that plaintiff

25   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

26   defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315

27   F.3d 1108, 1119-20 (9th Cir. 2003).

28

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

a.      In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.      In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'

---

[1]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5.     Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7.     All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

1   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

2   proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). In order to comply

3   with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it

4   to his benefit to wait until defendants have filed a dispositive motion which could include some

5   or all of the discovery plaintiff might seek. In addition, no motion to compel will be considered

6   by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

7   Rule 37-1 has been satisfied. Because plaintiff is detained, he is not required to meet and confer

8   with defendants in person. Rather, if his discovery requests are denied and he intends to seek a

9   motion to compel he must send a letter to defendants to that effect, offering them one last

10  opportunity to provide him with the sought-after information.

11      9.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

12  and all parties informed of any change of address and must comply with the court's orders in a

13  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

14  pursuant to Federal Rule of Civil Procedure 41(b).

15          IT IS SO ORDERED.

16  DATED: _____        12/7/09

17                                  _____
                                    RONALD M. WHYTE
                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28