EDMUND G. BROWN JR.
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
KYLE A. LEWIS
Deputy Attorney General
State Bar No. 201041
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5500
  Fax: (415) 703-5843
  E-mail: Kyle.Lewis@doj.ca.gov

*Attorneys for Defendants*
*Rodriguez, Mora, Ruelas, Atchley, Celaya, Ponder,*
*and Evans*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **VICTOR ARTHUR ROLDAN,**<br><br>Plaintiff,<br><br>v.<br><br>**CORRECTIONAL OFFICER J. RODRIGUEZ, et al.,**<br><br>Defendants. | C 09-2898 RMW (PR)<br><br>**DECLARATION OF J. CELAYA IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS** |

I, J. CELAYA, declare:

1.    I have been employed by the California Department of Corrections (CDCR) and Rehabilitation for over 23 years. During this time, I have worked as a security squad officer, Investigative Services Unit Sergeant, and Facility Lieutenant. Since 1996, I have been a use-of-force instructor and am delegated to train correctional staff on Salinas Valley State Prison's use of force policy, which includes both an investigative policy and a disciplinary policy. These uniform policies and my training define staff responsibilities and limitations concerning the use of

1

force while still allowing discretion in its appropriate application. As a correctional officer and instructor, I am readily familiar with the use of force policies and have been trained in the application of force on inmates. Force is only to be used when reasonably necessary to subdue an attacker, overcome resistance, effect custody, or to gain compliance with an order. I am also delegated to instruct all employees within the California Department of Corrections and Rehabilitation in Title 15, California Code of Regulations, section 3268, entitled "Use of Force." I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendants' motion for summary judgment and motion to dismiss.

2. On March 19, 2007, I was a Facility C Lieutenant at Salinas Valley State Prison. As a facility lieutenant, I was responsible for supervising all of the operations of the facility, conducting certain disciplinary hearings, answering inmate appeals regarding the operations of the facility, and supervising the facility sergeants. I also prepared incident reports regarding significant events at the facility, program status reports notifying inmates of program modifications and requirements, and conducted training for and supervised other staff members.

3. On the morning of March 19, 2007, I ordered the search of a cell occupied by Plaintiff Victor Roldan, and his cellmate, Inmate G. Flores, based on information identifying them as known gang members. At that time, Salinas Valley was experiencing a recurring pattern of gang-related violence between Caucasian and Southern Hispanic inmates. In order to control and eliminate this violence, correctional officers were searching various cells for gang paraphernalia, including literature and communications, and other contraband items such as weapons. These cell searches were performed without notice so that inmates would not have the opportunity to hide or destroy items before cells were searched.

4. At approximately 0930 on March 19, 2007, Sergeant M. Atchley, one of the Facility C Sergeants on duty tasked with cell searches, approached the cell occupied by Plaintiff and Inmate Flores, accompanied by Correctional Officers J. Rodriguez, R. Watters, and J. Mora, with the intent of searching the cell for contraband, weapons, or other items of gang activity. When staff reached the cell, Sergeant Atchley looked through the window of closed cell door and

2

observed Plaintiff move quickly toward the toilet at the rear of the cell. Sergeant Atchley then saw Plaintiff begin throwing items into the toilet. These items appeared to be small pieces of white, rolled paper, and staff reasonably believed these may been contraband or items indicative of gang activity.

5. Correctional staff immediately ordered Plaintiff to stop throwing items in the toilet, but Plaintiff refused. Because Plaintiff was refusing to comply with staff orders and appeared to be destroying possible evidence of illicit activity, Officer Rodriguez utilized his MK-9 chemical agent sidearm canister to discharge oleoresin capsicum pepper spray into the cell through the cell door food port at Plaintiff's upper body and facial area. The purpose of this use of force was to gain Plaintiff's compliance with orders and to prevent the destruction of evidence or contraband items, and was in accord with CDCR and Salinas Valley policies and procedures regarding the use of force. Upon observing the pepper spray discharge, the building's control booth officer activated his personal alarm, an alert system that initiates loud alarm sirens inside the building and throughout Facility C.

6. Despite the deployment of pepper spray and staff's repeated orders to stop his activities and move into a prone position inside the cell, Plaintiff retrieved additional items and threw them into the toilet. Officer Rodriguez then discharged a second burst of pepper spray toward Plaintiff's upper body and facial area in order to gain his compliance with staff orders. At this time, staff observed Plaintiff's cellmate, Inmate Flores, grab a cup and throw an unknown brown liquid at the correctional officers through the cell door's open food port, striking Sergeant Atchley and Officer Rodriguez. Inmate Flores's action was perceived by the officers to be an inmate "gassing," wherein inmates will assault staff by throwing various types bodily secretions and other fluids at them.

7. Observing this action, Officer Mora utilized his OC pepper spray canister to discharge a burst of pepper spray at Inmate Flores through the open food port in order to prevent further assault on staff and to obtain the inmates' compliance with orders. Officer Mora then ordered the inmates to move into a prone position, and the inmates initially complied with this order. Staff further instructed Inmate Flores to move to the cell door so that he could be placed in

3

handcuffs through the food port. Inmate Flores began backing to the cell door, but then attempted to block the food port with his back. As Inmate Flores was doing this, Plaintiff jumped to his feet, grabbed an unknown object from a shelf in the cell, and threw it in the toilet.

8. Officer Rodriguez ordered Plaintiff to cease his activities and move to a prone position, but Plaintiff refused and began to flush the toilet. Officer Rodriguez then discharged a burst of pepper spray at Plaintiff's upper body and facial area in order to gain his compliance with staff orders. At this time Inmate Flores moved away from the door and toward the back of the cell, where he assumed a prone position. Plaintiff also complied with staff orders to move to a prone position. Thereafter, both inmates were handcuffed via the food port and removed from the cell by staff.

9. Officers Mora and Watters then escorted Plaintiff to the Facility C Health Services Annex and placed him in holding cell #5, where Plaintiff was decontaminated with fresh air and awaited evaluation by medical staff. Sergeant Atchley ordered Officer J. Ruelas, a correctional officer in the building who had responded to the personal alarm, to escort Inmate Flores to the Health Services Annex. Officer Ruelas escorted Inmate Flores to the annex and placed him in holding cell #4, where he was decontaminated and awaited medical evaluation. At approximately 1000, Registered Nurse P. Gross evaluated Plaintiff and Inmate Flores, found no injuries to either inmate, confirmed that both inmates were decontaminated, and released them for rehousing.

10. Following the incident, Plaintiff received a Rules Violation Report for, and was later found guilty of, "Willfully Resisting Staff." Inmate Flores received a Rules Violation Report for "Battery on a Peace Officer," and the matter was referred to the Monterey County District Attorney's Office for prosecution.

11. On March 20, 2007, I drafted a Crime/Incident Report Part A, Form CDCR 837-A1, regarding the occurrences in Facility C involving Plaintiff and Inmate Flores the previous day. In evaluating the incident and the events leading to the use of force, I determined that the force used by correctional staff, including the deploying of pepper spray, was necessary to gain the inmates' compliance with staff orders to cease their activities inside the cell and submit to handcuffing, while also preventing further assault on staff. I also determined that no injuries to the inmates

4

resulted from the staff's use of force. I believe that the force used on March 17, 2009, was appropriate and necessary to gain compliance with lawful orders, ensure staff safety, and secure the facility, and was in compliance with departmental policies, procedures, and training.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 21 2010, at ＳＵＳＰ , California.

J. CELAYA
Correctional Lieutenant

SF2010200073
40455944.doc

Decl. Celaya Supp. Defs.' Mot. Summ. J. & Mot. Dismiss (C 09-2898 RMW (PR))