EDMUND G. BROWN JR.
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
KYLE A. LEWIS
Deputy Attorney General
State Bar No. 201041
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5500
  Fax:  (415) 703-5843
  E-mail:  Kyle.Lewis@doj.ca.gov

*Attorneys for Defendants*
*Rodriguez, Mora, Ruelas, Atchley, Celaya, Ponder,*
*and Evans*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **VICTOR ARTHUR ROLDAN,** | C 09-2898 RMW (PR) |
| Plaintiff, | **DECLARATION OF M. ATCHLEY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS** |
| v. | |
| **CORRECTIONAL OFFICER J. RODRIGUEZ, et al.,** | |
| Defendants. | |

I, M. ATCHLEY, declare:

1.   I have been employed by the California Department of Corrections and Rehabilitation (CDCR) for approximately eight years.  During this time, I have worked at the Correctional Training Facility and Salinas Valley State Prison as a floor officer, escort officer, Facility Sergeant, and Facility Lieutenant.  I am currently a Facility Lieutenant at Facilities C and D at Salinas Valley State Prison.  I am competent to testify to the matters set forth in this declaration,

1

and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendants' motion for summary judgment and motion to dismiss.

2. On March 19, 2007, I was a Correctional Sergeant assigned to Facility C at Salinas Valley. My duties as a Correctional Sergeant in Facility C included assisting in the planning, organization, and implementation of a program for the custody, security, discipline, classification, treatment, employment, and recreation of inmates housed in the facility. My responsibilities also included preparing incident reports regarding significant events at the facility, and conducting training for, and supervision of, other staff members.

3. Salinas Valley has a uniform policy governing the use of force that clearly defines staff responsibilities and limitations concerning the use of force, while still allowing discretion in its appropriate application. As a Salinas Valley correctional officer, I have been trained to follow the Salinas Valley Use of Force Policy and Procedures, and am readily familiar with those doctrines. I have been trained regarding application of force on inmates, and that force is only used when reasonably necessary to subdue an attacker, overcome resistance, effect custody, or to gain compliance with an order.

4. On the morning of March 19, 2007, Faculty Lieutenant J. Celaya directed me to conduct a search of the cell occupied by Plaintiff Victor Roldan, and his cellmate, Inmate G. Flores. At that time, Facility C had been experiencing on-going violence between Caucasian and Southern Hispanic inmates, and cells were being searched for weapons or indicia of gang activity.

5. At approximately 0930 on that day, I instructed Correctional Officers J. Rodriguez, R. Watters, and J. Mora to assist me in the search of Plaintiff's cell. As we approached the cell, I observed Plaintiff move quickly towards the toilet in the cell. Officer Watters unlocked and opened the food port in the cell door as Officer Rodriguez ordered Plaintiff and Inmate Flores to move to a prone position in the cell. At this time, I observed Plaintiff throwing small pieces of rolled, white paper into the toilet. In my experience, these items are indicia of gang and/or criminal activity, as they can contain written communications or conceal contraband items, such as illicit drugs. Both inmates refused staff orders to lie prone, and Plaintiff continued flushing items in the toilet.

2

6. Correctional staff ordered Plaintiff to stop throwing items in the toilet, but Plaintiff refused. Because Plaintiff was refusing to comply with staff orders and appeared to be destroying possible evidence of illegal activity, Officer Rodriguez utilized his MK-9 chemical agent sidearm canister to discharge oleoresin capsicum pepper spray into the cell through the cell door food port at Plaintiff's upper body and facial area. The purpose of this use of force was to gain Plaintiff's compliance with orders and to prevent the destruction of evidence or contraband items, and was in accord with CDCR and Salinas Valley policies and procedures regarding the use of force.

7. Despite the deployment of pepper spray and staff's repeated orders to stop his activities and move into a prone position inside the cell, Plaintiff retrieved additional items and threw them into the toilet. Officer Rodriguez then discharged another burst of pepper spray toward Plaintiff's upper body and facial area to gain his compliance with staff orders. At this time, staff observed Plaintiff's cellmate, Inmate Flores, grab a cup and throw an unknown brown liquid at the correctional officers through the cell door's open food port, striking Sergeant Atchley and Officer Rodriguez. I perceived this action by Inmate Flores to be an inmate "gassing," wherein inmates will assault staff by throwing various types bodily secretions and other fluids at staff.

8. As Officer Rodriguez stepped away from the food port after being struck with the unknown liquid, Officer Mora utilized his sidearm canister to discharge a burst of pepper spray at Inmate Flores through the open food port in order to prevent further assault on staff and to obtain the inmates' compliance with orders. Officer Mora then ordered the inmates to move into a prone position, and the inmates initially complied with this order.

9. I then ordered Inmate Flores to rise and move back to the food port in the cell door so that he could be placed in restraints. As Inmate Flores rose from the prone position, he suddenly moved against the door and placed his back against the food port. As Inmate Flores was doing this, Plaintiff jumped to his feet, grabbed an unknown object from a shelf in the cell, and threw it in the toilet. I gave the inmates several orders to cease their actions and assume a prone position on the floor of the cell, but they did not comply.

3

10.    Officer Rodriguez then discharged a burst of pepper spray at Plaintiff's upper body and facial area in order to gain his compliance with staff orders, but Plaintiff did not comply. While this was occurring, Inmate Flores attempted to use his body in an attempt to block the pepper spray from entering the cell through the food port. Officer Rodriguez ordered both inmates to stop their activities and move to a prone position, but neither complied, and the officer then sprayed both inmates with pepper in the upper body and facial area to gain their compliance. Inmate Flores then moved away from the door and toward the back of the cell, where he assumed a prone position. At this time, Plaintiff also complied with staff orders to prone out on the cell floor. Thereafter, both inmates were handcuffed via the food port and removed from the cell by staff.

11.    After the inmates were removed from the cell, I ordered Officers Mora and Watters to escort Plaintiff to the Facility C Health Services Annex for decontamination and medical evaluation. I also ordered Officer J. Ruelas, a correctional officer in the building who had responded to the personal alarm, to escort Inmate Flores to the Health Services Annex for decontamination and medical evaluation. Both inmates were transported to the annex and placed in holding cells pending examination. Plaintiff was subsequently decontaminated with fresh air and evaluated by medical staff at approximately 1000. Registered Nurse P. Gross found no injuries to Plaintiff, and confirmed that he was decontaminated before releasing him to custody staff for rehousing.

12.    Following the incident, Plaintiff received a Rules Violation Report for, and was later found guilty of, "Willfully Resisting Staff." Inmate Flores received a Rules Violation Report for "Battery on a Peace Officer," and the matter was referred to the Monterey County District Attorney's Office for prosecution. I was called as a witness in court proceedings regarding this criminal charge against Inmate Flores approximately three weeks ago.

13.    On March 19, 2007, I drafted a Crime/Incident Report Part C, Form CDCR 837-C1, regarding the incident in Facility C involving Plaintiff and Inmate Flores. In evaluating the incident, I believe that the force used by correctional staff, including the deploying of pepper spray, was necessary to gain the inmates' compliance with staff orders to cease their activities

4

inside the cell and submit to handcuffing, while also preventing further assault on staff. I believe that all actions taken on March 19, 2007 by correctional staff were in accordance with the Salinas Valley Use of Force Policy, departmental policies, procedures, and training, and constituted an appropriate response to the actions of Plaintiff and Inmate Flores.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on May 20, 2010, at Soledad, California.

M. ATCHLEY
Correctional Lieutenant

SF2010200073
40455945.doc

5

Decl. Atchley Supp. Defs.' Mot. Summ. J. & Mot. Dismiss (C 09-2898 RMW (PR))